IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DANIEL D. DIAZ-HUERTA

        Plaintiff,

v.                                                                  No. 14cv535 JB/RHS

UNITED STATES OF AMERICA,

        Defendant.

**MAGISTRATE JUDGE'S ANALYSIS AND RECOMMENDED DISPOSITION**[1]

**THIS MATTER** comes before the Court on United States District Judge James O. Browning's Order of Reference Relating to Bankruptcy Appeals, Social Security Appeals, Prisoner Cases, Non Prisoner Pro Se Cases and Immigration Habeas Corpus Proceedings, filed June 16, 2014 (Doc. 7)("Order of Reference"). The main issue is whether the Court should grant Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs, filed June 11, 2014 (Doc. 4)("Application"). For the reasons stated below, I recommend that the Court deny Plaintiff's Application, because his monthly income exceeds his monthly expenses and he has a sufficient amount in his checking and savings accounts to pay the filing fee.

**PROCEDURAL BACKGROUND**

On June 6, 2014, Plaintiff filed his Complaint for Employment Discrimination on the Basis of Sex (Doc. 1)("Complaint"). Plaintiff, a male employee of the United States Postal Service, alleges that he wanted to apply for two positions but was not allowed to apply for either position.

---

[1] Within fourteen (14) days after a party is served with a copy of this analysis and recommended disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such analysis and recommendation. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the analysis and recommendation. If no objections are filed, no appellate review will be allowed.

(Complaint at 2).  Plaintiff also alleges that two females were hired for the positions and that the hiring official made comments about not hiring male employees.  (Complaint at 2).

On June 11, 2014, Plaintiff filed his Application to proceed *in forma pauperis*.  Plaintiff states that: (i) his monthly income is $4,400.00; (ii) his monthly expenses are $3,880.00; and (iii) he has $1,400.00 in checking and savings accounts.  (*See* Application at 1-5).  Plaintiff states that he filed his Application to proceed *in forma pauperis* because he does not know what his "out-of-pocket costs" will be for his upcoming surgeries.  (Application at 6).

On June 16, 2014, United States District Judge James O. Browning entered his Order of Reference instructing Magistrate Judge Robert H. Scott to submit an analysis and recommended disposition.  (*See* Doc. 7).

## LAW REGARDING PROCEEDING *IN FORMA PAUPERIS*

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962).  "[A]n application to proceed *in forma pauperis* should be evaluated in light of the applicant's present financial status."  *Scherer v. Kansas*, 263 Fed.Appx. 667, 669 (10th Cir. 2008) (citing *Holmes v. Hardy,* 852 F.2d 151, 153 (5th Cir.1988)).

2

While the Court should not deny a person the opportunity to proceed under 28 U.S.C. § 1915(a) simply because he or she is not "absolutely destitute," the Court may deny permission for a person to proceed IFP where his or her monthly income exceeds his or her monthly expenses by a few hundred dollars. *See Brewer v. City of Overland Park Police Department*, 24 Fed.Appx. 977, 979 (10th Cir. 2002). Magistrate judges have no authority to enter an order denying IFP status, because denial of a motion to proceed IFP is the functional equivalent of an involuntary dismissal. *See Lister v. Dep't of the Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005). If it denies a request for IFP status, the Court may enter an order denying IFP status and requiring the plaintiff to pay the filing fee within a certain time period, and later dismissing the case without prejudice if the plaintiff fails to timely pay the filing fee. *See Raynor v. Wentz*, 357 Fed.Appx. 968 (10th Cir. 2009). Alternatively, the Court may dismiss the complaint without prejudice, after which the plaintiff may initiate a new action by refiling his complaint and paying the filing fee. *See K.C. Mo. Police*, 158 Fed.Appx. 159, 160 (10th Cir. 2005). Although it is not a final order, "denial by a District Judge of a motion to proceed *in forma pauperis* is an appealable order." *Lister*, 408 F.3d at 1310 (*quoting Roberts v. United States Dist. Court*, 339 U.S. 844, 845 (1950).

## ANALYSIS AND RECOMMENDATIONS

I recommend that the Court deny Plaintiffs' Application to Proceed in District Court Without Prepaying Fees or Costs. Plaintiff states that his monthly income is $4,400.00 and that his monthly expenses are $3,880.00. Thus, Plaintiff's monthly income exceeds his monthly expenses by $520.00. In addition, Plaintiff has $1,400.00 in checking and savings accounts. *See Brewer v. City of Overland Park Police Department*, 24 Fed.Appx. 977, 979 (10th Cir. 2002)

3

(litigant whose monthly income exceeded his monthly expenses by a few hundred dollars according to his own accounting appeared to have sufficient income to pay filing fees, and, thus, was not entitled to IFP status). Although Plaintiff asserts that he will have future "out-of-pocket" costs for upcoming surgeries, it appears that he is presently able to pay the filing fee. *See Scherer v. Kansas*, 263 Fed.Appx. 667, 669 (10th Cir. 2008) ("[A]n application to proceed *in forma pauperis* should be evaluated in light of the applicant's present financial status.") (citing *Holmes v. Hardy,* 852 F.2d 151, 153 (5th Cir.1988)). I also recommend that you give Plaintiff three weeks to pay the filing fee and advise him that failure to timely pay the filing fee may result in dismissal of his complaint without prejudice.

*Robert Hayes Scott*
_____
UNITED STATES MAGISTRATE JUDGE